# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 24-0748V

| | |
|---|---|
| SHERIAN SMITH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 18, 2025 |

*Nathan Joseph Marchese, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC,* for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On May 13, 2024, Sherian Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an HPV vaccination she received on July 19, 2023. Petition at ¶ 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 10, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 14, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $105,057.85, comprised of $100,000.00 for pain and suffering, $1,070.00 in past unreimbursable expenses, and $3,987.85 in past lost wages. Proffer at 1-2. In the Proffer,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $105,057.85, comprised of $100,000.00 for pain and suffering, $1,070.00 in past unreimbursable expenses, and $3,987.85 in past lost wages, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHERIAN SMITH,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | No. 24-748V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 13, 2024 Sherian Smith ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a human papillomavirus ("HPV") vaccine she received on July 19, 2023. Petition at 1. On February, 10 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on the same day the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22, 24.

**I.  Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,070.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

C.   Loss of Earnings

Evidence supplied by petitioner documents that she incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded lost wages in the amount of $3,987.85. *See* 42 U.S.C. § 300-15(a)(3)(A). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $105,057.85 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

III. **Summary of Recommended Payment Following Judgment**

Lump a lump sum payment to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner in the amount of $105,057.85.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Adam N. Muffett*
ADAM N. MUFFETT
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-2895
Adam.muffett@usdoj.gov

Date: February 14, 2025.