# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0748V

| | |
|---|---|
| SHERIAN SMITH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2025 |

*Nathan Joseph Marchese*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Adam Nemeth Muffett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 13, 2024, Sherian Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an HPV vaccine received on July 19, 2023. Petition, ECF No. 1. On February 18, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $60,776.03 (representing $59,299.50 in fees plus $1,476.53 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 19, 2025. ECF No. 32. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 32 at 3.

Respondent reacted to the motion on February 20, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 33. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 34.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

a. *Attorney Hourly Rates*

The hourly rates requested for attorney Jonathan Svitak and his supporting paralegals are reasonable and consistent with prior determinations. Petitioner has also requested that I apply the rate of $550.00 for 2023 work performed by attorney Joseph Shannon, and the rates of $450.00 for 2024, and $470.00 for 2025, for work performed by attorney Nathan Marchese. These rates require adjustment.

Attorney Shannon was previously awarded the rate of $500.00 for 2023, less than what is requested herein. *See Wood* v. *Sec'y of Health & Hum. Servs.,* No. 24-0130, Slip Op. 39 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from such reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce attorney Shannon's rate for work performed in 2023, to be consistent with the aforementioned decision. **Application of the foregoing reduces the amounts of fees to be awarded by $25.00.**[3]

Mr. Marchese was also previously awarded a lesser rate than requested herein ($410.00 for his time billed in 2024). *See Wood* v. *Sec'y of Health & Hum. Servs.,* No. 24-0130, Slip Op. 39 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from that determination. Accordingly, I reduce attorney Marchese's rate to be consistent with *Wood*. For work performed in 2025, and although Mr. Marchese's proposed rate falls within the experience range provided in OSM's Fee Schedules for similarly-situated attorneys[4], I find his specifically-requested increase to be excessive. Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[5] **a rate of $445.00 is more appropriate for time billed in 2025 by**

---

[3] This amount is calculated as follows: ($550.00 - $500.00 = $50.00 x 0.50 hours billed in 2023) = $25.00.

[4] The Attorneys' Fee Schedule is available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[5] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

**Mr. Marchese.** This rate represents a reasonable $35.00 dollar increase from the previous year and still places him in the appropriate experience range based on the OSM Fee Schedules. Application of the foregoing reduces the fees amount to be awarded herein by **$4,538.00**.[6]

   b.  *Administrative and Secretarial Tasks*

The billing records reveal several entries billed on tasks considered administrative in nature.[7]  However, billing at *any professional rate* for such clerical and other administrative work is not permitted in the Vaccine Program. See *Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Attorneys may not separately charge for clerical or secretarial work because such work is reflective of office overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Kerridge* v. *Sec'y of Health & Human Servs*., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $391.10.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 32-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[6] This amount consists of reducing Nathan Marchese's rates for years 2024-25 and is calculated as follows: ($450.00 - $410.00 = $40.00 x 98.70 hours billed) + ($470.00 - $445.00 = $25.00 x 23.60 hours billed) = $4,538.00 in fees to be reduced.

[7] See administrative billing entries dated as follows: 5/13/24: "File petition on PACER online filing portal." 5/14/24; 6/13/24 (three entries re: e-filing documents); 9/4/24 (two entries); 10/8/24 (two entries); 10/22/24 (two entries); 2/18/25; 2/19/25 (two entries). See ECF No. 32-2. These billing entries reflect a cumulative total of $391.10 in fees claimed on administrative/secretarial tasks.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $55,821.93 (representing $54,345.40 in fees plus $1,476.53 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.